HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLAYTON ERNEST LONGACRE, <br><br> Plaintiff, <br> v. <br><br> WASHINGTON STATE PATROL, et al., <br><br> Defendants. | CASE NO. C18-5779 RBL <br><br> ORDER GRANTING MOTION TO DISMISS |

THIS MATTER is before the Court on the State's, Washington State Patrol's, and State Trooper Smarr's Motion to Dismiss [Dkt. # 18]. Plaintiff Longacre sued these and other defendants after an incident near Lake Cushman on July 4, 2015. Longacre had stopped his truck to help tow another motorist out of a ditch. When a ranger, state troopers, and Mason County sheriff's deputies arrived, they called a tow truck because the motorist "was in no condition to drive." Longacre offered to drive the motorist's vehicle for her, instead. One of the officers asked to see Longacre's license, which showed up as suspended. Longacre's passenger's license was also suspended, and neither of them would acknowledge driving the truck they used to help the motorist. Longacre and his passenger were arrested and taken to jail. Longacre's truck was towed and impounded and when he was released early the next morning he had to walk 12 miles home.

Longacre claims his license was not in fact suspended; there was a mix-up caused by non-moving Defendant Wilbur & Associates that led to the wrongful report that it was. In any event, all charges against Longacre were dropped.

Longacre sued the State Defendants, the Mason County Defendants, and Wilbur & Associates in state court on July 5, 2018—exactly three years[1] after he was released from jail. He asserts a variety of claims, including several §1983 claims against the State Defendants for violation of his Fourth, Fifth, Sixth and Fourteenth Amendment rights. Based on the federal claims, the case was removed here. 28 U.S.C. § 1331.

The state and the WSP seek dismissal with prejudice and without leave to amend. They argue that Longacre's claims against them are fatally flawed because the state and its subdivisions are not persons amenable to suit under § 1983. Trooper Smarr seeks dismissal for failure to timely affect service of process—he claims that Longacre has still not served him and the time for doing so has passed.

**A. Legal Standards.**

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[1] §1983 contains no statute of limitations. Federal (and state, for that matter) courts instead "borrow "§1983 limitations periods from analogous state law. Specifically, they borrow the state's "general or residual statute for personal injury actions." *Owens v Okure*, 488 U.S. 235. 250 (1989). In Washington, that statute is RCW 4.16.080(2), which is a three-year limitations period. *Bagley v CMC Realty Corp.*, 923 F.2d 758, 760 (9th Cir. 1991). Therefore, in this District, the limitations period for a §1983 claim is three years.

misconduct alleged." *Id*. Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c) motion. *Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*). A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Id*.

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

Leave to amend a complaint under Fed. R. Civ. P. 15(a) "shall be freely given when justice so requires." *Carvalho v. Equifax Info. Services, LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). This policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). In determining whether to grant leave under Rule 15, courts consider five

factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (emphasis added). Among these factors, prejudice to the opposing party carries the greatest weight. *Eminence Capital,* 316 F.3d at 1052.

A proposed amendment is futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Gaskill v. Travelers Ins. Co.*, No. 11-cv-05847-RJB, 2012 WL 1605221, at *2 (W.D. Wash. May 8, 2012) (citing *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1393 (9th Cir.1997)).

**B. Longacre's Claims against the State are fatally flawed.**

Longacre claims that the State Defendants waived their Eleventh Amendment Immunity by removing this case here, and that RCW 4.92.090 expressly permits the state and its employees to be sued in tort, including making "itself and its subdivisions subject to 42 U.S.C. sec. 1983" [Dkt. # 22 at 3]. He claims that the state has also waived immunity for federal torts.

Longacre does not assert state (or federal) "torts" against the Washington Defendants. He claims that they violated his *constitutional rights*, and he seeks to vindicate those rights under 42 U.S.C. § 1983. Notwithstanding the Eleventh Amendment, or the removal, or the state statute, § 1983 does not permit a plaintiff to sue a state or its subdivisions. *See Williams v. Wisconsin*, 336 F.3d 576, 580 (7th Cir. 2003)(*citing Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 539 U.S. 765, 779 (2000). They are not "persons" under the statute.

And, unlike a claim against a municipality, a plaintiff cannot circumvent this clear holding by claiming that the state's policies or practices (or any other *Monell*-based claim, like ratification of failure to train) caused the constitutional violation. *Monell* does not apply to the state. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690 (1978).

Longacre has not stated a plausible § 1983 claim against the state or the WSP. He seeks leave to amend, but he has not identified any amendment he could or would make to cure this fundamental defect in his claims. Any amendment would be futile, and his motion for leave to amend is **DENIED**. The State Defendants' Motion to Dismiss is **GRANTED** and Longacre's claims against the State of Washington and the WSP are **DISMISSED** with prejudice and without leave to amend.

**C. The time for serving Trooper Smarr has expired.**

Neither party articulates in any of their filings the time for service under Washington or federal law. In Washington, the plaintiff has 90 from filing to serve the complaint. Under the Federal Rules of Civil Procedure, a plaintiff must serve his complaint on the defendant within 90 days of filing:

> **(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Advisory Committee Notes to this Rule reiterate that the 90 day requirement is to be applied flexibly, and should not be applied where doing so would cause prejudice:

> [Rule 4(m)] explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed [90] days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown..

(Time period reflects 2015 rule change from 120 days). If a defendant has not been served at the time the case is removed, the Federal Rule applies. *See Whidbee v. Pierce Cty.*, 857 F.3d 1019, 1023 (9th Cir. 2017) ("The Federal Rules of Civil Procedure govern service of process in federal court, *see* Fed. R. Civ. P. 4, and apply to a civil action after removal, *see* Fed. R. Civ. P.

81(c)(1).") However, while the federal period is less stringent than the Washington's, it cannot be used to revive a claim that was time-barred at the time the case was removed:

> Although § 1448 and Rule 4(m) give plaintiffs additional time to effect service of process, these rules do not extend or revive a state statute of limitations that expired before removal. If the period of time for bringing an action expired under state law before the action was removed to federal court, a defendant can raise the state statute of limitations as an affirmative defense in federal court. *See* Fed. R. Civ. P. 8(c), 81(c). Moreover, "[t]he length of the limitations period, and closely related questions of tolling and application, are to be governed by state law." Because it must give effect to the state's statute of limitations, a federal court has no authority to extend the state-defined period in which a plaintiff can bring an action, even though the court must extend the time in which a plaintiff can serve process on defendants under § 1448.

*Whidbee*, 857 F.3d at 1023–24 (internal citations omitted). That is this case. Longacre failed to timely serve Smarr under Washington law, and the limitations period expired on his claims against Smarr before the case was removed. The Court cannot extend the service period in this situation even if it was inclined to do so. And it is not inclined to do so.

Longacre has not only not shown good cause for extending the service period, he has not even acknowledged that such a period exists. He concedes he has not served all of the defendants, but claims "there is no set time requirement for service of process on the remaining defendants." This is not simply correct. There *are* "set limits," in both jurisdictions—90 days from filing—and that period has passed without any effort, or any excuse[2]. The limitations period has run and service has not been made.

---

[2] While Longacre is *pro se* in this case, he practiced law in this state and district for many years. His disbarment plays no role in this decision, but his training and experience does distinguish him from a typical *pro se* litigant.

Trooper Smarr's Motion to Dismiss for lack of service of process is **GRANTED** and Longacre's claims against him are **DISMISSED**.

IT IS SO ORDERED.

Dated this 14th day of November, 2018.

_Ronald B. Leighton_
Ronald B. Leighton
United States District Judge