HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CLAYTON ERNEST LONGACRE,

    Plaintiff,

v.

WASHINGTON STATE PATROL, et al.,

    Defendants.

CASE NO. C18-5779RBL

ORDER

THIS MATTER is before the Court on its own Order to Show Cause [Dkt. # 53] and on Plaintiff Longacre's Motion for Reconsideration [Dkt. # 55] of the Court's Order [Dkt. # 53] Dismissing the Wilbur & Associates Defendants.

The Court Ordered Defendant Smarr to Show Cause why its Order dismissing him for lack of timely service should not be vacated under Rule 60(b), as it was error. Smarr argues that Rule 60*(a)* governs the correction of clerical errors, not Rule 60(b), and points out that Longacre did not appeal Smarr's dismissal. He does not contend that the ruling was proper; he contends that the Court can't correct it *sua sponte*.

Longacre's failure to (attempt to) immediately appeal is no barrier to correcting now what the 9th Circuit will surely correct later, if he appeals any final judgment in this case.

Relying on quite a bit more than just "a District Court case from Maryland," the Court's Order explained that Smarr's own removal of the case gave Longacre a "new 90" days to effect service. *See* Order [Dkt. # 53] at 8, *citing* Fed. R. Civ. P. 4(m) and 81, 28 U.S.C. § 1448, Charles A. Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE & PROCEDURE § 3732, at 513, 516); *Cardenas v. City of Chicago*, 646 F.3d 1001 (7th Cir. 2011) ("The same 120–day [now 90] period applies where suits are removed to federal court from state court, except that the period commences upon the date of removal."); and *Whidbee v. Pierce Cty.*, 857 F.3d 1019, 1023 (9th Cir. 2017) ("[O]nce a case is removed to federal court, a plaintiff has a specified number of days to effect service of process on all defendants, regardless whether the plaintiff failed to serve process in state court before the deadline for commencing an action had passed.").

      Smarr has not cited and cannot cite any authority to the contrary. His Motion to Dismiss [Dkt. # 18] argued that the time for service had run, and the Court mistakenly agreed. The Order dismissing Smarr for lack of timely service [Dkt. # 28] is **VACATED** as erroneous.

      Under Local Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. The term "manifest error" is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." Black's Law Dictionary 622 (9th ed. 2009).

      Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence,

committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Neither the Local Civil Rules nor the Federal Rule of Civil Procedure, which allow for a motion for reconsideration, is intended to provide litigants with a second bite at the apple. A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through — rightly or wrongly. *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Longacre's Motion for Reconsideration sheds some light on the "Wilbur" aspect of the case, and it would have been helpful to provide the full story earlier. It would not however, change the Court's conclusion that Wilbur's repeating the officer's mistake was not the proximate cause of any damage, as a matter of law. Longacre's Motion for Reconsideration [Dkt. # 55] is **DENIED**.

IT IS SO ORDERED.

Dated this 22nd day of July, 2019.

Ronald B. Leighton
United States District Judge