HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLAYTON ERNEST LONGACRE, | CASE NO. C18-5779RBL |
| Plaintiff, | ORDER |
| v. | |
| TROOPER RONALD SMARR, WILBUR & ASSOCIATES, JOHN DOE OF WILBUR & ASSOCIATES, | |
| Defendants. | |

THIS MATTER is before the Court on competing Motions for Summary Judgment [Dkts. 63 & 66]. The facts of the case are described in prior Orders. [Dkt. #s 28, 38, 53, 57 and 62]

The last remaining defendant, State Trooper Smarr, argues that he had probable cause to arrest Longacre for driving with a suspended license, and that he is entitled to qualified immunity even if he did violate Longacre's constitutional rights. He argues that he did not have any personal participation in the conduct Longacre alleges about the other, since-dismissed defendants, including Mason County and Wilber and Associates.

Longacre's Summary Judgment Motion [Dkt. # 66] argues that the dismissal of his misdemeanor arrest established as a matter of law that Smarr did *not* have probable cause for his

arrest, and that Smarr violated his rights by failing to establish individualized probable cause before making the arrest. For the reasons below, Longacre's Motion is **DENIED**. Smarr's Motion is **GRANTED**, and Longacre's claims against Smarr are **DISMISSED WITH PREJUDICE**.

## I. FACTS

On July 4, 2015, Trooper Smarr approached a motorist in the Lake Cushman area who was stuck in a ditch. A Mason County Sheriff deputy was already on site. Two men, including Longacre, were attaching a "tow strap" to the disabled vehicle and to their pick-up. Smarr suspected the woman who drove the car into the ditch was intoxicated. Longacre informed Trooper Smarr that they would drive the woman's car and the pick-up away from the scene and drive to a nearby property owned by Longacre. Trooper Smarr obtained Longacre's license and ran a check to verify his ability to drive lawfully. Smarr's check of Washington Department of Licensing records revealed that Longacre's drivers' license was suspended. After Smarr informed Longacre his status as suspended driver, Longacre got into the pick-up and pulled the disabled car out of the ditch and onto the highway. Smarr determined he had probable cause to arrest Longacre for driving on a suspended license in violation of RCW 46.20.342(1).

Longacre was incarcerated in the jail and released later that same morning. Longacre claims that the charges were dismissed without a trial, although no proof of the dismissal in paper form is provided to this Court.

## II. STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether

arrest, and that Smarr violated his rights by failing to establish individualized probable cause before making the arrest. For the reasons below, Longacre's Motion is **DENIED**. Smarr's Motion is **GRANTED**, and Longacre's claims against Smarr are **DISMISSED WITH PREJUDICE**.

## I. FACTS

On July 4, 2015, Trooper Smarr approached a motorist in the Lake Cushman area who was stuck in a ditch. A Mason County Sheriff deputy was already on site. Two men, including Longacre, were attaching a "tow strap" to the disabled vehicle and to their pick-up. Smarr suspected the woman who drove the car into the ditch was intoxicated. Longacre informed Trooper Smarr that they would drive the woman's car and the pick-up away from the scene and drive to a nearby property owned by Longacre. Trooper Smarr obtained Longacre's license and ran a check to verify his ability to drive lawfully. Smarr's check of Washington Department of Licensing records revealed that Longacre's drivers' license was suspended. After Smarr informed Longacre his status as suspended driver, Longacre got into the pick-up and pulled the disabled car out of the ditch and onto the highway. Smarr determined he had probable cause to arrest Longacre for driving on a suspended license in violation of RCW 46.20.342(1).

Longacre was incarcerated in the jail and released later that same morning. Longacre claims that the charges were dismissed without a trial, although no proof of the dismissal in paper form is provided to this Court.

## II. STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether

an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323-24. There is no requirement that the moving party negate elements of the non-movant's case. *Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990). Once the moving party has met its burden, the non-movant must then produce concrete evidence, without merely relying on allegations in the pleadings, that there remain genuine factual issues. *Anderson*, 477 U.S. 242, 248 (1986).

### III. ANALYSIS

**A. Qualified Immunity Bars Longacre's Claims Under 42 U.S.C. § 1983**

Qualified immunity shields government officials from liability under 42 U.S.C. § 1983 unless their conduct violates clearly established constitutional rights. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L.Ed.2d 272 (2001). Entitlement to qualified immunity is a question of law. *Elder v. Holloway*, 510 U.S. 510, 516, 114 S. Ct. 1019, 127 L.Ed.2d 344 (1994).

In determining whether Trooper Smarr is entitled to qualified immunity, the Court engages in a two-part analysis, looking to whether the alleged facts implicate the violation of a constitutional right, and whether the right was "clearly established" at the time of the alleged violation. *Saucier*, 533 U.S. at 201. The Court may consider those factors in any order it chooses. *Pearson v. Callahan*, 555 U.S. 223, 236, 129 S. Ct. 808, 818, 172 L.Ed.2d 565 (2009).

**1. Trooper Smarr Did Not Violate Longacre's Fourth Amendment Rights**

Claims for unlawful arrest are cognizable under § 1983 as a Fourth Amendment violation only where the arrest is without probable cause. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 918 (9th Cir. 2012) (citing *Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 964 (9th Cir. 2001)). Longacre alleges he was unlawfully seized when Smarr arrested him for driving on a suspended license. [Complaint, Dkt. 10]. But Smarr's check of DOL records showed Longacre's license was suspended, and Longacre does not dispute this. While Longacre argues that Smarr did not have probable cause because Smarr did not see him drive there, Washington law allows officers to arrest whenever they have probable cause to believe a person has violated RCW 46.20.342, regardless of whether the violation occurs in the officer's presence. RCW 10.31.100(3)(f). More to the point here, Longacre drove his pick-up truck in front of Smarr, pulling the disabled vehicle out of the ditch.

Probable cause exists where the facts and circumstances within an officer's knowledge are sufficient to warrant a prudent person in believing that a crime has been committed. *Beck v. Ohio*, 379 U.S. 89, 91, 85 S. Ct. 223, 225, 13 L. Ed. 2d 142 (1964). Probable cause is based on "the totality of the circumstances known to the officer at the time" and requires only "a fair probability or substantial chance of criminal activity." *United States v. Patayan Soriano*, 361 F.3d 494, 505 (9th Cir. 2004). An officer is not required to prove beyond a reasonable doubt that

a crime has been committed, nor "rule out all possibility of innocent behavior." *United States v. Holland*, 510 F.2d 453, 455 (9th Cir. 1975).

Here, Trooper Smarr ran a check to determine whether Longacre had a valid license that would enable him to drive off in a vehicle Smarr was otherwise prepared to impound. Once the check showed Longacre's license was suspended and Trooper Smarr determined that Longacre and his companion had arrived in a vehicle that they used to pull the other motorist from the ditch, however, he lacked individualized probable cause to arrest them for DWLS. RCW 46.20.342(1)[1]. When Longacre drove the pick-up in the presence of Smarr, there was ample proof of the inculpatory deed. Under both state and federal law, officers are entitled to rely on the results of such records searches in determining whether probable cause exists. *See King v. Creed*, 2015 WL 893573 (noting "[w]here it is undisputed that a police officer's computer indicates that an individual's license has been suspended, courts have consistently held that the officer has probable cause to arrest the driver for operating a motor vehicle without a license"); *State v. Gaddy*, 152 Wash. 2d 64, 73-74, 93 P.3d 872 (2004) (holding that DOL records are presumptively reliable and that a computerized search showing a license as suspended is sufficient to support probable cause to arrest for DWLS under Washington law).

Longacre has argued elsewhere that his license was *improperly* suspended by DOL, based on erroneous information provided by another officer based on a prior event. But the underlying propriety of the suspension is not at issue. Longacre has not sued either the officer who allegedly provided erroneous information to DOL, or DOL itself and, as the Court already

---

[1] Washington courts "have concluded that where officers do not have anything to independently connect an individual to illegal activity, no probable cause exists and an arrest or search of that person is invalid under article I, section 7." *State v. Grande*, 164 Wn.2d 135, para. 12 (2008). Longacre and his companion would not tell the officer who drove the pickup to the scene (both had suspended licenses). Longacre then drove the pickup in the Trooper's presence.

noted, whether Longacre "could have plausibly blamed the [prior] officer for his error, or even the DOL for the suspension, is moot given the passage of time." [Dkt. 53 at 6]. There is no claim that Smarr was involved in that earlier incident.

For purposes of the qualified immunity analysis, the only issue is whether Trooper Smarr violated Longacre's Fourth Amendment rights by unlawfully seizing him, arresting him, and/or imprisoning him. Since a reasonable officer in Smarr's position could conclude based on the available information that he or she had probable cause to arrest Longacre for driving on a suspended license, the answer to that inquiry is no. *See Savare v. City of Federal Way*, 2015 WL 3539585 (W.D. Wash. 2015). Probable cause is a complete defense to claims for both false arrest and false imprisonment. The later dismissal of the misdemeanor charges without trial does not impact the analysis or application of Qualified Immunity.

**2. Trooper Smarr Is Entitled to Qualified Immunity**

Qualified immunity bars suits under § 1983 unless the conduct at issue violates clearly established rights which a reasonable officer would have known. *White v. Pauly*, 137 S. Ct. 548, 551, 196 L. Ed. 2d 463 (2017). For a right to be clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate." *Id*. (quoting *Mullenix v. Luna*, 136 S. Ct. 305, 308, 193 L. Ed. 2d 255 (2015)). "Clearly established law" must not be defined at "a high level of generality," but must be "particularized' to the facts of the case." *Id*.

Here, Longacre can point to no case law clearly establishing that arresting him under these circumstances was unlawful, even if a reasonable juror or person might believe that the trooper over-reacted.

**B. Longacre's Remaining Claims are Facially Deficient**

Longacre's remaining claims against Smarr are deficient as a matter of law because he has not produced any evidence Smarr had any personal involvement in them, beyond his initial

arrest of Longacre. Longacre's claims for failure to train, depriving him access to a phone, and false imprisonment from December 13-15, 2014 must also therefore be dismissed.

To maintain a § 1983 claim, Longacre must show Trooper Smarr caused or personally participated in causing each constitutional deprivation of which he complains. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). To be liable for "causing" such a deprivation, Longacre must plausibly allege that Smarr committed an affirmative act that he was legally required to do and which caused his deprivation. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). The Court's inquiry is individualized and must focus on the duties and responsibilities of each defendant whose acts are alleged to have caused a constitutional deprivation. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Sweeping conclusory allegations are insufficient; Longacre must set forth specific facts showing a causal connection between Smarr's actions and the harm he allegedly suffered. *See*, *e.g.*, *Rizzo v. Goode*, 423 U.S. 362, 370-71, 96 S. Ct. 598, 46 L.Ed.2d 561 (1976); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

Here, Longacre does not allege or demonstrate that Smarr accompanied him to the Mason County Jail or denied him access to a phone once he got there. Nor does he explain how the WSP allegedly failed to train Smarr, or how any such failure resulted in any constitutional violation he claims to have suffered at the Mason County Jail. His remaining false imprisonment claim cites a separate incarceration seven months before he even encountered Trooper Smarr, and appears to be nothing more than the result of a cut-and-paste pleading error. [ Dkt. 10]. None of these claims are supported by sufficient facts alleging personal participation on the part of Trooper Smarr.

Smarr had never met Longacre before or after July 4, 2015, and he has never has been employed by Mason County, against whom Longacre has long since voluntarily dismissed his claims. Dkt. 48. Accordingly, Trooper Smarr is entitled to dismissal of these claims as a matter of law.

## IV. CONCLUSION

Trooper Smarr has qualified immunity from Longacre's § 1983 claims. Longacre's remaining claims are not supported by facts that plausibly allege personal participation on the part of Trooper Smarr and are likewise therefore subject to dismissal. For these reasons, Smarr's motion is **GRANTED** and all of Longacre's remaining claims against are **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED.

Dated this 13th day of December, 2019.

Ronald B. Leighton
United States District Judge